NOT FOR PUBLICATION                                                         CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| KUWAN RAGINO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-3209 (SRC) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY CHIESA, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**CHESLER, District Judge:**

On May 20, 2013, Plaintiff, being then confined at the Greystone Park Psychiatric Hospital, submitted a civil complaint ("Complaint") that arrived accompanied by his affidavit of poverty but not his prison account statement. See ECF Nos. 1, 1-1 and 3.[1] When the Clerk served him with the docket sheet, the mailing was returned as undeliverable. See ECF No. 4.

The federal in forma pauperis statute, codified at 28 U.S.C. § 1915, allows "[a] prisoner seeking to bring a civil action" to proceed "without prepayment of fees or security therefor" if he demonstrates his unable to pay the fees. See 28 U.S.C. § 1915(a)(2). Under § 1915, he must submit an affidavit of poverty, see 28 U.S.C. § 1915(a)(1), and his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2). Here, Plaintiff failed to submit his account statement. Therefore, he is not qualified for in forma pauperis status at this juncture.

---

[1] The Complaint, a thirty-three page document, is virtually illegible. See ECF Nos. 1 and 1-2. The best this Court can surmise, it challenged Plaintiff's confinement and underlying criminal conviction that might serve as a basis for his removal to his country of origin. See id. It also seeks criminal prosecution of the United States Attorney. See id.

Moreover, under Local Rule 10.1, "unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court." L. Civ. R. 10.1(a). Here, Plaintiff did not notify the Clerk of his new address, thus rendering this proceeding subject to termination or conclusive closure.[2]

Also, the Supreme Court held that a civil rights action is a proper vehicle to challenge a prisoner's conditions of confinement but not the fact or length of his custody, or the fact of his conviction. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Such claims should be raised in a habeas petition. See Muhammad v. Close, 540 U.S. 749 (2004). Therefore, Plaintiff's habeas claims, if such were intended, are subject to dismissal for lack of jurisdiction. Furthermore,

> It is well established that private citizens can neither bring a . . . criminal action . . . nor . . . petition the federal courts to compel the criminal prosecution . . . . See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). Accordingly, the district court [is obligated to] refus[e] fil[ing] criminal charges or . . . compel[ling] prosecution based on those charges.

Ellen v. Stamm, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991), cert. denied sub nom, Montalvo v. Stamm, 506 U.S. 1047 (1993); see Pilkey v. Nash, No. 05-5419, 2006 U.S. Dist. LEXIS 45788, at *4 (D.N.J. June 26, 2006) ("Plaintiff, a private citizen, is without authority to prosecute criminal charges, and this Court is without authority to do so on Plaintiff's behalf") (citations omitted). Hence, Plaintiff's request for prosecution is jurisdictionally deficient.

Finally, his illegible, lengthy Complaint violates the requirements of Rule 8.

---

[2] See McLaren v. N.J. State Dep't of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) (the court may sanction a litigant "when [that] litigant's conduct makes adjudication impossible" and dismissal for failure to provide an accurate address is appropriate because the district court "had little choice as to how to proceed" and "an order imposing [lesser] sanctions would only find itself taking a round trip tour through the United States mail") (quoting Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)); Kitchen v. Essex County Corr. Facility, No. 12-2199, 2013 U.S. Dist. LEXIS 101397 (D.N.J. July 18, 2013) (sanctions might include a conclusive closure).

> [I]t is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); . . . Oneal v. U.S. Fed. Prob., No. 05-5509, 2006 U.S. Dist. LEXIS 16608 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, No. 06-0130, 2006 U.S. Dist. LEXIS 6673 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Taylor v. United States Penitentiary-Allenwood, No. 14-0140, 2014 U.S. Dist. LEXIS 22307 (M.D. Pa. Jan. 29, 2014).

In light of the jurisdictional and procedural deficiencies plaguing this matter, Plaintiff's application to proceed in forma pauperis will be denied, and this case will be terminated. Such termination will be without prejudice to Plaintiff's commencement of a new action that is jurisdictionally and procedurally proper.

An appropriate Order follows.

STANLEY R. CHESLER
**United States District Judge**

Dated: 6/4/14